**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4182**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERNON PAUL MCLEAN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, District Judge.  (CR-04-322)

———————

Submitted:  April 17, 2006                Decided:  May 11, 2006

———————

Before WILLIAMS, MICHAEL, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

W. Rhett Eleazer, Chapin, South Carolina, for Appellant.  Jonathan S. Gasser, United States Attorney, Stanley D. Ragsdale, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Vernon Paul McLean appeals his conviction after a jury trial of conspiracy to possess with intent to distribute 50 grams or more of cocaine base and a quantity of powder cocaine, and possession with intent to distribute 50 grams or more of cocaine base and a quantity of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). He was sentenced to two concurrent statutory mandatory terms of life imprisonment.[1] Finding no reversible error, we affirm.

McLean contends on appeal that the district court did not conduct a balancing test under Fed. R. Evid. 403 when it admitted evidence of prior convictions pursuant to Fed. R. Civ. P. 404(b).[2] This court has held that an explicit finding on the record of the probative value of the evidence is not required as a condition precedent to admissibility. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1998). Based on our review of the Joint Appendix, we conclude the court implicitly conducted the required balancing test.

McLean next argues that even if the court did perform the Rule 403 balancing test, the court abused its discretion when it decided the probative value of the evidence outweighed its

---

[1]McLean does not challenge his sentence.

[2]McLean does not seek to challenge on appeal the admissibility of the evidence under Fed. R. Evid. 404(b). (Appellant's Br. at 7).

- 2 -

prejudicial value. A district court's decision following a Rule 403 inquiry is reviewed for abuse of discretion and will not be overturned absent the most extraordinary circumstances. United States v. Love, 134 F.3d 595, 603 (4th Cir. 1998). This court has held that there is no unfair prejudice under Rule 403 when the extrinsic act is no more sensational or disturbing than the crimes with which the defendant was charged. United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995). After reviewing the record, we find the admitted evidence was no more sensational or disturbing than the charged crimes, and the manner of presentation of the evidence to the jury was neutral and did not appeal to the emotions of the jurors. See United States v. Powers, 59 F.3d 1460, 1467 (4th Cir. 1995). We note, moreover, that any prejudice was mitigated by the court's limiting instructions to the jury. See Weeks v. Angelone, 528 U.S. 225, 234 (2000). Finally, as this was not a close case factually, we conclude with fair assurance that any error regarding the admission of McLean's prior drug sales did not affect the verdict. See United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995). We find the district court did not abuse its discretion.

Accordingly, we affirm McLean's conviction. We deny his motions to file a pro se supplemental brief and an oversized pro se brief. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED